[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed an action for legal separation and the defendant has filed a cross complaint for dissolution of marriage. The court finds the following facts regarding the above two actions.
The plaintiff whose birth name is Kathryn Gudelski and the defendant were married on January 25, 1969 in New Haven, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least 12 months immediately prior to the date the complaint was filed. The marriage between the parties is broken irretrievably without any reasonable prospects of reconciliation. There are no minor children issue of the marriage. The parties do have three (3) adult children. The plaintiff does not have any minor children. The State of Connecticut has not contributed to the support or maintenance of either of the parties.
The parties are in dispute as to the cause of the breakdown of the marriage. From the evidence presented, the court finds that the defendant is responsible for the breakdown of marriage. Neither party is seeking Cobra benefits.
The plaintiff is 53 years old. The plaintiff is in general good health. She has carpal tunnel in both hands. She has pain in the area of her back. The plaintiff also suffers from fibro myalgia. She is affected by stress.
The plaintiff is employed as a secretary with a local Board of Education and has been so employed for the past 13 years. She also works part time for the Board of Education on Saturdays at the High School as a proctor for students who are serving detention. She has another part time job as a sales clerk at a leather store. The plaintiff's gross weekly income from her principal employment is $477.25. She has deductions for federal income tax for $56.60, state tax of $9.14 and FICA/Medicare of $38.58 and dues of $13.00. Her gross weekly income from her Saturday part time employment with the Board of Education is $15.58. Her gross weekly income from the part time employment at the leather store is $38.75 with a deduction for federal tax of $12.00. The plaintiff has a pension plan through Copeland CT Page 1415 Companies with a present value of $3,400.00. She has a defined benefit plan through the Board of Education. She is 100% vested in that plan. Her present vested accrued monthly benefit is $215.10. The monthly amount that she would normally receive at retirement at age 65 is $469.30. She has liability consisting of Novus with a balance of $1,580.00, Visa with a balance of $808.00, Estelle Gudelski with a balance of $2,100.00, as well as Cherry Webb with a balance of $316.00. She owns a 1995 Toyota Camry with a fair market value of $13,000.00 and a loan balance $12,000.00. Her bank accounts have a total balance of $596.00.
The defendant vacated the family home on approximately September 3, 1996. The parties own a family home in Guilford, Connecticut that was purchased on December 21, 1987. From the evidence presented the court finds that the fair market value of that home is $160,000.00. It does not have a mortgage. The parties have previously owned an office supply business in New Haven. That business was sold in 1986 for $100,000.00. The parties subsequently purchased an office supply store in Groton, Connecticut for $14,000.00. That store was closed down in 1997. The parties purchase a home at port Charlotte, Florida in 1986 for $70,000.00. That property was subsequently sold for $99,000.00. The Port Charlotte property did not have a mortgage. The parties had purchased their first family home in Clinton, Connecticut in 1974 for $44,500.00. That home was sold in 1987 for approximately $140,000.00. It had a mortgage balance of approximately $6,000.00 when sold by the parties. The $100,000.00 that was received from the sale of the office supply business was used to purchase the property in Port Charlotte, Florida for $70,000.00. That then left approximately $30,000.00 from the sale of the business. The $30,000.00 was used in part for various bills regarding a pending lawsuit as well as for the lawsuit itself. Part of the money was left with the plaintiff to use when the defendant first went to Florida in 1986. Funds from the Port Charlotte sale were used towards the purchase of the Guilford family home that is presently owned. The remaining funds came from the sale of the Clinton home of the total purchase price of $197,000.00, $10,000.00 was paid prior to the closing and $172,000.00 was paid at the closing with the seller taking back a promissory note for approximately $15,000.00. The $15,000.00 was paid off from the sale of a lot that the parties owned in Bradenton, Florida.
The defendant is 55 years old. CT Page 1416
The defendant is employed as a Casino Finance Representative. With gross weekly income of $420.40. He has deductions for federal income tax of $40.42, SSI $19.86, Medicare $4.65 and state income tax $1.82 for net weekly income of $253.65. He also has other income of tips from his employment of $9.30 for a combined net weekly income of $262.95. He does not have any liabilities. He owns a 1994 Mazda with a fair market value of $8,800.00 and a loan balance of $4,812.50 and a net equity of $3,987.50. He also owns a 1982 Mazda that has no value. He has $1,250.00 in his checking account. He has one life insurance policy with NACOLAH with a cash value of $1,600.00. He has two insurance policies through Prudential each with an accumulated dividend value of $6,378.74 as of April 29, 1997. The mobile home owned by the defendant was purchased on December 13, 1996 for $12,000.00. Its present value is $12,000.00.
The plaintiff inherited approximately $15,000.00 in 1993. The defendant inherited approximately $10,000.00 around 1986.
This court has considered the provision of Section 46b-82
regarding the issue of alimony, and has considered the provisions of Section 46b-81(c) regarding the issue of property division, and has considered the provision of Section 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
A. Dissolution of Marriage v. Legal Separation.
 1. The marriage between the parties is dissolved and each party is declared be single and unmarried.
B. By way of Alimony
1. No alimony is awarded in favor of either party.
C. By way of Attorney's Fees
1. No attorney's fees are awarded in favor of the plaintiff.
D. By way of Property Orders
1. All of the liabilities shown on the plaintiff's financial affidavit are to be paid by the plaintiff and she is to hold the defendant harmless therefrom. CT Page 1417
 The 1995 Toyota Camry shown on the plaintiff's financial affidavit is awarded to the plaintiff. She is to pay the loan balance and hold the defendant harmless therefrom.
 3. All bank accounts shown on the plaintiff's financial affidavit are awarded to the plaintiff.
 4. The Copland Company Deferred Compensation Plan shown on the plaintiff's financial affidavit is awarded to the plaintiff.
 5. The Clinton Board of Education Defined Benefit Plan is ordered divided by QDRO or its equivalent with the defendant being assigned one half of the present vested interest in the plan, which one half amounts to $107.55 monthly. Counsel for the plaintiff is responsible for preparing the QDRO or its equivalent.
 6. The defendant is assigned all of the interest in the mobile home that he owns.
 7. The defendant is assigned the ownership in the 1994 Mazda and 1982 Mazda shown on his financial affidavit.
 8. All household goods in the possession of the defendant are awarded to the defendant. The defendant is awarded the following household items located at the family residence. He is to make arrangements to move them within 60 days from the date this decision is filed:
(a) Chandelier;
(b) Office Ensemble;
(c) Paddle boat;
(d) Refrigerator;
(e) Pool table;
(f) Foozeball table;
(g) Marble Table;
(h) Sectional Couch; CT Page 1418
(i) Bar;
(j) Exercise Equipment;
(k) Wooden Outdoor Gym;
(l) Four Door File Cabinet in garage;
 (m) Bookcase and China Cabinet that came from the defendant mother;
The parties are in dispute regarding a lawnmower which the court awards to the plaintiff. The parties are also in dispute regarding tools which the court orders divided equally between the parties. All remaining household items at the family residence are awarded to the plaintiff. The court retains jurisdiction over any disputes that may arise involving the above household items.
 9. The bank accounts shown on the defendant's financial affidavit are awarded to the defendant.
 10. The cash surrender value in the NACOLAH insurance policy as well as the dividend balances in the two Prudential policies are all awarded to the defendant.
11. The court orders that the defendant execute and deliver to the office of counsel for the plaintiff a quit-claim deed to the family residence located 111 Russo Drive, Guilford, Connecticut by March 5, 1999. The plaintiff is to execute a promissory note in favor the defendant secured by a mortgage deed on the family residence in the face amount of $40,000.00. The $40,000.00 note is to be delivered to the defendant simultaneously with his delivering the quit-claim deed to counsel for the plaintiff. Within 5 days after the mortgage deed has been delivered, counsel for the plaintiff is to record simultaneously the quit-claim deed and the mortgage deed. The note is to provide that payment is to be made two years from today's date without interest. It is to have a provision for attorney's fees in the event of default. Upon default, the defendant shall have the right to proceed either with a foreclosure action and/or with a contempt motion. CT Page 1419
 12. The plaintiff has the right to claim all interest payments and real estate tax payments on the family residence for the calendar year 1998.
A. Miscellaneous Orders.
 1. Counsel for the plaintiff is to prepare the Judgment file within 30 days and file with the clerk's office.
_________________ Axelrod, J.